PEOPLE ex rel. ASTOR v. DICKEY et al.

PEOPLE ex rel. CITY OF NEW YORK v. SAME.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

1. MUNICIPAL CORPORATIONS (§ 385*) — PUBLIC IMPROVEMENTS — DAMAGES — CHANGE OF GRADE.

To entitle an owner to an award of damages for a change of grade, he must show that there was a graded street in existence immediately before the new grade was established, and as to a street graded in 1900

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

proof that there was such a street in 1871 was not sufficient to entitle the owner to damages.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 925–928; Dec. Dig. § 385.*]

2. MUNICIPAL CORPORATIONS (§ 402*)—PUBLIC IMPROVEMENTS—DAMAGES FOR CHANGE OF GRADE—DESCRIPTION IN CLAIM.

Under Laws 1905, c. 747, providing that a claimant, to entitle himself to damages for a change of grade, must file a claim briefly describing the property affected, and the nature and particulars of the claim for damages, a claim for damages only for the change of grade of "River avenue" conferred no jurisdiction to award damages for a change of grade of East 165th and East 167th streets.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 969–981; Dec. Dig. § 402.*]

Certiorari by the People of the State of New York, on the relation of William Waldorf Astor, against William D. Dickey and others, Commissioners, and the City of New York, and cross-certiorari by the People of the State of New York, on the relation of the City of New York, against William D. Dickey and others, Commissioners, and William Waldorf Astor, to review the determination of the Change of Grade Damage Commissioners. Certiorari by claimant Astor dismissed, and certiorari by the City of New York sustained.

See, also, 150 App. Div. 898, 134 N. Y. Supp. 1142.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Charles A. Nehrbas, of New York City, for City of New York.
Barclay E. V. McCarty, of New York City, for claimant.

SCOTT, J. Both the city of New York and a property owner and claimant for damages seek by certiorari to review a determination of the change of grade damage commission created by chapter 537, Laws 1893, as amended by several subsequent acts.

The claimant complains that the commissioners erred in refusing to award him damages for the alleged change of grade of River avenue. The city of New York contends that no award whatever should be made to the claimant. The property affected and as to which damages are claimed is described in the claim filed by the claimant as fronting on the west side of River street, and extending from East 165th to East 167th street. The grading of said streets, which is alleged to constitute a change of grade, was completed and the work accepted by the city of New York upon the following dates respectively: River avenue, August 6, 1900; East 165th street, November 26, 1904; East 167th street, September 23, 1895. The commissioners refused to award any damages with respect to the grading of River street, because, as they considered, no adequate proof was made that the grading constituted a change of grade, and the propriety of their action is called in question by the writ of certiorari sued out by the claimant.

[1] It is manifest that, in order to be entitled to an award for damages for a change of grade, a property owner must show that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

there was a graded street in existence before the new grade was established. The only evidence which the claimant presented to the commissioners on the subject, so far as concerns River street, and, as counsel frankly conceded, the only evidence procurable, was a map or survey on file in the office of the register of the county of New York, entitled "Survey of Morrisania, Map No. 7," prepared and filed in 1871 by certain commissioners pursuant to chapter 841, Laws of 1868. Upon this map River avenue in front of claimant's property is colored yellow, and there is a legend or statement by the commissioners that the use of that color denotes "old streets, etc., retained and continued." It is the contention of the claimant that this map is presumptive evidence that there was an existing street at the point indicated at the time of and before February 21, 1871, when the map was filed. Code Civ. Proc. § 955. Assuming this contention to be well founded, it proves no more than that there was a River street in front of the premises in question in 1871, whereas, in order to entitle himself to damages, it is necessary for the claimant to show that there was such a street in existence immediately before the new grade was established. This he has failed to do, and as his counsel stated he was unable to do. This concession is very significant in view of the fact that no difficulty was found in proving that 165th and 167th streets were existent at the time of the establishment of the new grade.

[2] The writ of certiorari sued out by the city of New York challenges the jurisdiction of the commissioners to make an award for the change of grade of 165th and 167th streets. This objection is based upon the form of the claim filed with the Comptroller. It is required by the statute (chapter 747 of the Laws of 1905) that, in order to entitle himself to damages for a change of grade, a claimant must file a claim briefly describing the property affected "and the nature and particulars of the claim for damages." To conform to the requirements of the statute, a claim must of necessity contain a statement of the particular street, the change of the grade of which is alleged to have resulted in damage. In the present case the claim asks damages only for the change of grade of River avenue, and contains no reference to any damage resulting from any change of grade of either 165th or 167th streets. The petition is explicit on this point, stating in the third paragraph "that the name of the particular street or avenue in relation to which it is claimed damages have been suffered by reason of the change of grade of River avenue," and throughout the claim reference is made to "said street," by which, as is declared in the second paragraph, is meant River avenue. The contention of the city of New York that this claim conferred no jurisdiction to award damages for a change of grade of any street other than said River avenue is well founded.

It follows, therefore, that the award of the commissioners in so far as it refuses damages for the alleged change of grade of River avenue must be sustained and the writ of certiorari sued out by the claimant dismissed with $50 costs and disbursements to the City of New York respondent, and that the award of said commissioners in

so far as it awards damages for the change of grade of East 165th street and East 167th street must be annulled, and the writ of certiorari sued out by the city of New York sustained, with $50 costs and disbursements, to the relator the city of New York against the claimant. All concur.